**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**JASON C.,**[1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

Defendant.

Civ. No. 3:25-cv-00973-AA

**OPINION & ORDER**

---

AIKEN, District Judge:

Plaintiff Jason C. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The decision of the Commissioner is AFFIRMED.

**BACKGROUND**

On January 26, 2022, Plaintiff filed an application for disability insurance benefits and supplemental security income alleging disability beginning on January 1, 2021. Tr. 15, ECF No. 7. The applications were denied initially and upon reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* On March 11, 2024, a telephonic hearing was held before an Administrative Law Judge ("ALJ"). *Id.*

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

On April 26, 2024, the ALJ issued a decision finding Plaintiff not disabled. Tr. 12. On April 4, 2025, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724–25; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1101.

**ALJ'S FINDINGS**

The ALJ performed the five-step sequential analysis. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date, January 1, 2021. Tr. 17.

At step 2, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis; hidradenitis suppurativa; psoriasis; ichthyosis; obesity; osteopenia; osteoarthritis of the lumbar and cervical spine; status-post left ankle fracture; and status-post left humerus fracture. Tr. 18. The ALJ also found that Plaintiff has the following non-severe impairments: sleep apnea, depressive disorder, generalized anxiety disorder, and ADHD. Tr. 18–19.

At step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that: he can stand for no more than four hours; he can use ramps and stairs no more than occasionally, he can never use ladders, ropes and scaffolds; he can do tasks requiring balancing, stooping, crouching, crawling, and kneeling no more than occasionally; and he can do handling and fingering tasks no more than frequently. Tr. 24.

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a hotel clerk." Tr. 30. The ALJ made the alternative finding at step five that Plaintiff is also capable of performing work that exists in significant numbers in the economy as a mail clerk, router, and storage facility rental clerk. Tr. 32 (citing vocational expert testimony). As a result, the ALJ found that Plaintiff was not disabled. *Id.*

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, a court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, a court must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Finally, a court may not reverse an ALJ's decision due to an error that is

harmless. *Stout v. Comm'r*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

**DISCUSSION**

Plaintiff alleges that the ALJ erred by (1) improperly discounting his subjective symptom testimony; and (2) making an improper RFC determination.

I. *Subjective Symptom Testimony*

Plaintiff alleges that the ALJ, in determining that he is not disabled under the Act, erred by improperly discounting his subjective symptom testimony about his chronic skin condition, hidradenitis suppurativa ("HS"). Pl. Brief at 3, ECF No. 8. To determine whether a claimant's testimony is credible, an ALJ must perform a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). At the first step, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* At the second step, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.*

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit or ignore the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is

not credible and what evidence undermines the claimant's complaints." *Id.* (internal quotation marks and citation omitted). An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's testimony, such as "prior inconsistent statements concerning the symptoms," "testimony . . . that appears less than candid," unexplained "failure to seek treatment or to follow a prescribed course of treatment," and a "claimant's daily activities." *Id.*

During the hearing, Plaintiff testified that he was diagnosed with HS, which he described as "very painful" "boil like lesions in . . . both of [his] armpits[,]" "along [his] waistline, groin, and [buttock cleft]." Tr. 57. He estimated that there is a 70% chance that "[he] ha[s] an active site currently" and that there are "flare ups." *Id.* He "consider[s] a flare up . . . when it's . . . a very painful site that's actively producing . . . the pus or the blood[.]" *Id.* He testified that he has "one HS site that will erupt and continue to erupt for six months at a time[,]" and "other sites that will flare up that will become very active for . . . two days to several weeks[.]" *Id.* He estimates that flare ups occur "about three days a week . . . where it is actively a problem in [his] life." Tr. 58. Plaintiff affirmed that doctors have recommended that he forego certain types of activities to avoid flare ups or to mitigate flareups. *Id.* He testified that "[i]t is best that [he] do[es] not do physical activities that would cause [him] to sweat or stressful activities[.]" *Id.* He also testified that he experiences fatigue from the HS and from sleep apnea. Tr. 59.

The ALJ found that Plaintiff's "medically determinable impairments[,]" including his HS, "could reasonably be expected to cause the alleged symptoms" but

that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 28–29.

At the hearing, the ALJ acknowledged Plaintiffs' HS testimony, the alleged symptoms, and the extent of the alleged impairment. Tr. 57–59. But the ALJ determined that Plaintiff's "subjectively reported symptoms exceed the objective evidence[,]" based on (1) the objective medical evidence and (2) Plaintiff's report of his daily activities. Tr. 29.

First, the ALJ determined that Plaintiff's testimony conflicts with the objective medical evidence. Tr. 29. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). But "[t]o support a lack of credibility finding, the ALJ [i]s required to point to *specific facts* in the record." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original). A court need not accept a general finding of an unspecified conflict between a claimant's testimony and other evidence. *Id.* A court need not "comb the administrative record to find specific conflicts." *Id.*

Here, the ALJ found that Plaintiff was diagnosed by a rheumatologist with "arthritis related to hidradenitis suppurativa[,]" as well as "inflammatory arthritis," and "seropositive rheumatoid arthritis[.]" Tr. 28. The ALJ explained that the rheumatologist "did not provide any limitations[,]" which the ALJ found "to be persuasive, supported by her treatment records, and generally consistent with the evidence as a whole."

Plaintiff contends that the objective medical evidence specific to Plaintiff's HS supports his HS testimony. The medical record shows that Plaintiff reported to his provider that his HS lesions were painful, made clothes uncomfortable to wear, and that draining abscesses stained his clothing. Tr. 407, 1043 ("HS has a negative impact on [Plaintiff's] life. His HS abscesses often drain. When his HS is in a flare, he feels extremely lethargic which makes being social very difficult. He often wears loose dark clothing to prevent friction and hide any stains from the draining abscesses."). He also reported that he was uncomfortable being in public because of the foul-smelling pus and blood. *Id.* The record contains objective findings of the lesions, including photographs of draining lesions. Tr. 409–10. Plaintiff contends that "[t]hese symptoms provide reason why Plaintiff's interaction with others would need to be restricted." Pl. Br. at 6. However, Plaintiff does not identify any medical evidence that a provider restricted or limited activities due to his HS.

Second, the ALJ determined that Plaintiff's testimony also conflicts with his reported daily activity levels. The ALJ determined that "[t]he claimant's activities of daily living . . . evince a high degree of physical functioning[.]" Tr. 29. The ALJ cites Plaintiff's ability to walk to the grocery store, walk up and down the stairs at his residence, work part-time as a landscaper—a job that "correspond[s] to that of industrial commercial groundskeeper. . .that requires medium exertion[,]" build a business that sells hand-crafted leather, participate in volunteer activities, and meet up with friends and family. *Id.*

Plaintiff's HS testimony describes episodic and recurring HS flare-ups that limit his ability to work *during* flare ups. But Plaintiff testified that he averages flare ups about three times a week which last for extended periods of time, so Plaintiff is in constant or near-constant flare-up. The ALJ properly found that Plaintiff's "high degree of physical functioning" conflicts with this subjective symptom testimony. Tr. 29.

"[T]he ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez*, 572 F.3d at 591. Here, the ALJ explained that Plaintiff's testimony conflicted with the objective medical evidence and his "high degree of physical functioning." Tr. 29. The Court concludes that the ALJ gave specific, clear and convincing reasons for rejecting Plaintiff's HS testimony.

II. *RFC Determination*

Plaintiff contends that the ALJ erred by making an RFC determination that failed to address the alleged limitations caused by his HS. Pl. Brief at 14.

An individual's residual functional capacity is the most, not the least, that a claimant can do despite the individual's limitations or impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2. In determining a claimant's RFC, the ALJ must make findings as to "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" which means "8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* at *1. The assessment requires the ALJ to "describe the maximum amount of each

work-related activity the individual can perform based on the evidence available in the case record." *Id.* at *7.

Here, the ALJ determined that Plaintiff's physical impairments, including his HS impairments, caused symptoms and limitations that are accounted for by limiting him to light exertion. Tr. 30. The ALJ determined that "additional limitations are not warranted based on the evidence of record." *Id.*

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir. 2001). "The RFC assessment must be based on *all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184, at *5 (emphasis in original). "Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone." *Id.* In all cases in which symptoms are alleged, the RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of . . . symptoms" and "a resolution of any inconsistencies in the evidence[,]" and it must logically explain "the effects of the symptoms . . . on the individual's ability to work[.]" *Id.*

Here, Plaintiff alleged in his testimony that his HS symptoms were in constant or near constant flare up. As explained above, the ALJ properly discounted Plaintiff's testimony as to the severity of his HS symptoms due to the lack of objective medical limitation recommendations based on the HS symptoms and due to Plaintiffs "high

degree of physical functioning." Tr. 29. In determining Plaintiff's RFC, the ALJ relied on (1) the assessments of two State agency medical consultants who reviewed Plaintiff's record; and (2) a February 2024 medical record produced by a rheumatologist who examined Plaintiff and diagnosed Plaintiff. Tr. 30.

Plaintiff contends that the medical consultants evaluated Plaintiffs' ichthyosis, psoriasis, and rheumatoid arthritis, but failed to account for his HS. Pl. Brief at 16 (citing Tr. 30, 94–101, 104–111).

The ALJ did not fully rely on the medical consultants' opinions. The ALJ found their opinions only "partially persuasive" because they did not examine Plaintiff, they did not have access to the full record, and their opinions were "somewhat inconsistent with the record as a whole." Tr. 30. They recommended RFC levels lower than those determined by the ALJ. *Id.* But the ALJ explained that "the reconsideration limitations of only four hours of walking is inconsistent with the claimant's reports of walking to the grocery stores and going on long walks and hikes." *Id.*

The ALJ also relied on a rheumatologist's February 2024 medical record. *Id.* The rheumatologist examined Plaintiff and diagnosed him with "inflammatory arthritis, seropositive rheumatoid arthritis, and arthritis related to hidradenitis suppurativa" but "did not provide any limitations." *Id.*

In determining Plaintiff's RFC, the ALJ properly considered all relevant evidence, including the discounted symptom testimony, the objective medical evidence, and Plaintiff's reported daily activity levels. The ALJ thus applied the correct legal standard and provided substantial evidence that supported the

determination that, given Plaintiff's several impairments including his HS, Plaintiff's RFC is limited to light exertion.

III. *Denial of Disability*

The ALJ determined that Plaintiff was not disabled under the Act because he could perform past relevant work and "other jobs that exist in significant numbers in the national economy." Tr. 31.

A district court should affirm an ALJ's decision if it is supported by substantial evidence and based on the application of correct legal standards. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The court's review is directed to the record as a whole and not merely to the evidence tending to support a finding. *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978).

Here, the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's testimony as to the severity of his HS symptoms. And, in determining Plaintiff's RFC, the ALJ considered all relevant evidence and provided factual findings to support that determination. The Court concludes that the ALJ applied the correct legal standards and that the ALJ's determinations are supported by more than a mere scintilla of evidence. Accordingly, the Court affirms the ALJ's decision that Plaintiff is not disabled under the Act.

## CONCLUSION

Under sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____16th____ day of September 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge